## CIRCUIT COURT OF BALTIMORE CITY.

Filed February 4, 1910.

ALICE HARRISON SMITH ET AL.
VS.
JOHN M. GLENN.

*Fisher, Bruce & Fisher* and *C. K. Bowie* for plaintiffs.

*Carey & Glenn, Barton, Wilmer, Ambler & Stewart* and *Chas. McHenry Howard* for defendant.

NILES, J.—

### A. As to the Descendants of Bayard Thornton Smith.

In Maryland, when a power is given to a donee to devise property to any person, or particular class of persons, without other qualification, the estate so devised by the donee must be fee-simple and absolute; and a devise to them in trust is not a valid execution of the power, provided the beneficial estate so attempted to be given is substantially less beneficial than a legal estate in fee.

Myers vs. Safe Deposit Co., 73 Md. 413.

Therefore, the attempted devise to the Safe Deposit and Trust Company for the benefit of the children of Bayard Thornton Smith, by Margaret B. Smith in execution of the power conferred upon her by the will of Henrietta E. Smith, must be held invalid, as the postponement of the division of the estate for twenty years, with a possibility of a divesting of the estate within that time, because of death, make the equitable estate so given very evidently less beneficial than a legal estate in fee-simple.

**B. As to the Descendants of Samuel Harrison Smith.**

1. Under the broad language of the case already cited of Myers vs. Safe Deposit and Trust Company, it would seem as if, in the execution of such a power as above mentioned, the estate devised to the appointees must be a legal one, as well as fee-simple or absolute, the donee having no power to "name a stranger to take the title and hold for the beneficiaries she shall name."

If this be true, the attempted execution by Margaret B. Smith of the power given her by her mother's will, in favor of the descendants of Samuel Harrison Smith, is invalid; for, assuming all the other contentions of the plaintiffs to be correct, the Safe Deposit and Trust Company must take the legal estate in the devise to the descendants of Samuel Harrison Smith, as trustee, with the duty of dividing it between them, and that is not an estate which will be executed in the cestuis que trustent by the Statute of Uses.

Devries vs. Hiss, 72 Md. 560, 568.

2. Although at the time of the death of the donee of the power, it so happened that by the death of Samuel Harrison Smith the estate given under the power for the benefit of him and his family would go to a trustee to be immediately divided between his children, so that they would take substantially the same estate as if it were, a legal estate directly given them in fee-simple, still, when the will was written, the donee attempted to exercise a power to give to certain beneficiaries, to whom she had the right to give only an absolute estate, an estate which was substantially inferior to an absolute or fee-simple estate.

It seems to this court that this is the estate which the court is called upon to uphold, subsequently occurring facts showing who would be entitled to the present possession, not being material so far as concerns the nature of the estate attempted to be given. Such an attempted disposition of the property is a repudiation of the power and cannot be sustained.

Sugden on Powers (3rd Am. Ed.), page 61, Clause 21, p. 65, Clause 26.

3. But did it seem to the court that the execution of the power in favor of Samuel Harrison Smith and family were valid, and the execution of the power in favor of Bayard Thornton Smith was invalid, this court is of opinion that the two are so inseparably connected, that they must both fall.

It is very true that the intention of the donor of a power is absolutely controlling in the determination of the limits within which the power shall be exercised. It is just as true that the intention of the donee governs in regard to the execution of the power within the limits given.

The intention of the donee here was to divide the fund equally between the families of two of her brothers in the same manner as had been done by her mother. It is apparent on the face of the will that the striking down of the devise in favor of the one brother will strike down the whole intention of the donee in the execution of the power. The terms of the will of the donee are: "I give, devise and bequeath all the rest * * * of my property * * * as follows: One-half thereof" for the benefit of one brother's family, "and one-half thereof" for the benefit of the other brother's family.

In other words, she treats the whole residue of her property, including this fund, for which she has power of appointment, as one fund and disposes of it as an entirety, one-half to one, and one-half to another, group of objects of her bounty. If her intent as to half is defeated, her general intent as to the division of her estate is defeated and it would be unquestionably directly in the teeth of her intention to treat her attempted appointment as half valid and half invalid, and introduce a very acute inequality, where she intended absolute equality.

31 Cyc., p. 1139.

Varrell vs. Wendell, 20 N. H. 431.

The above considerations lead to the conclusion that the attempted execution by Margaret B. Smith of the power given her under the will of Henrietta E. Smith is absolutely void.

It is, therefore, unnecessary to discuss how far the appointments in certain contingencies to the wives, and in other contingencies to the descendants of Henrietta E. Smiths' grandchildren would avoid the attempted execution of the power.